IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:25-cr-01174-RMG |
| v. | |
| **JOHN BADGER THORPE** | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this **28** day of **MAY**, 2026, between the United States of America, as represented by United States Attorney Bryan P. Stirling, Assistant United States Attorneys Katherine Orville and Emily Limehouse; the Defendant, **John Badger Thorpe**, and Defendant's attorneys, Richard Merlino and Nathan Williams.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to plead guilty to Counts 3, 7, and 8 of the Indictment now pending. Count 3 charges "Conspiracy to Receive and Distribute Child Pornography," a violation of Title 18 U.S.C. §§ 2252A(a)(2) and 2252A(b). Counts 7 and 8 each charge "Distribution of Child Pornography," a violation of Title 18 U.S.C. §§ 2252A(a)(2) and (b).

    In order to sustain its burden of proof, the Government is required to prove the following:

### Count 3 - Conspiracy to Receive and Distribute Child Pornography
### 18 U.S.C. § 2252A(a)(2)

To prove a conspiracy, the Government must prove:

    A.    An agreement between two or more persons to do something the law prohibits;

    B.    That the defendant knew of the agreement or conspiracy; and

    C.    That the defendant knowingly and intentionally joined the agreement or conspiracy.

1

To prove receipt and distribution of child pornography, the Government must prove:

A.     That the defendant received or distributed;

B.     Any child pornography, or any material that contained child pornography;

C.     That had been mailed, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; and

D.     That the defendant acted knowingly

The penalty for this offense is:

A mandatory minimum sentence of imprisonment of 5 years and a maximum sentence of imprisonment of 20 years and/or a fine of $250,000.00 and a term of supervised release of not less than 5 years and not more than a lifetime, plus a special assessment of $100, an additional special assessment per 18 U.S.C. § 3014 of $5,000.

### Counts 7 and 8 - Distribution of Child Pornography
### 18 U.S.C. § 2252A(a)(2)

A.     That the defendant received or distributed;

B.     Any child pornography, or any material that contained child pornography;

C.     That had been mailed, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; and

D.     That the defendant acted knowingly

The penalty for this offense is:

A mandatory minimum sentence of imprisonment of 5 years and a maximum sentence of imprisonment of 20 years and/or a fine of $250,000.00 and a term of supervised release of not less than 5 years and not more than a lifetime, plus a special assessment of $100, an additional special assessment per 18 U.S.C. § 3014 of $5,000.

2.     The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil

2



judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A.     Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she/he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.     Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement

3

under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

D.    Special Assessment for Trafficking Victims' Fund: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. §§ 3013 and 3014. This assessment is due after all other fines, orders of restitution, and any other victim-compensation obligation arising out of the criminal conviction have been paid.

E.    Special Assessment for Child Pornography Cases: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $17,000 will be imposed, pursuant to 18 U.S.C. § 2259A. This assessment is due after all other fines, orders of restitution, and any other victim compensation obligation arising out of the criminal conviction have been paid.

4

3.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

5.    The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which she/he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the

Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

A.   the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

B.   all additional charges known to the Government may be filed in the appropriate district;

C.   the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

D.   the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6.   The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7.   The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing

6



Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

A.    known to the Government prior to the date of this Agreement;

B.    concerning the existence of prior convictions and sentences;

C.    in a prosecution for perjury or giving a false statement; or

D.    in the event the Defendant breaches any of the terms of the Plea Agreement; or

E.    used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

8.    Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Commission Guidelines §5K1.1, 18, U.S.C., § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

9.    The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees.

7

The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount to be determined by the Court, representing the amount of gross proceeds of the offense(s) of conviction.

Following the entry of this Plea Agreement, the Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Federal Rule of Criminal Procedure 32.2, which shall in any event, be submitted for entry before sentencing. The Defendant acknowledges that she/he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him/her of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his/her guilty plea is accepted.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the Government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

8



## Merger and Other Provisions

10.    The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11.    The Defendant also understands that by pleading guilty, the Defendant will be required to register as a sex offender upon his/her release from prison as a condition of his/her supervised release pursuant to 18 U.S.C. 3583(d).  The Defendant also understands that independent of supervised release, she/he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his/her life.

12.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.  Acknowledging those rights, the

9

Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

<SIGNATURE PAGE TO FOLLOW>

10

5\28\26

Date

John Badger Thorpe
DEFENDANT

5/28/26

Date

Richard Merlino  FL. BAR. No. 0977640
ATTORNEY FOR THE DEFENDANT

5/28/26

Date

Nathan Williams
ATTORNEY FOR THE DEFENDANT


BRYAN P. STIRLING
UNITED STATES ATTORNEY

5/28/26

Date

Katherine Orville (#13332)
ASSISTANT UNITED STATES ATTORNEY


5/28/26

Date

Emily Limehouse (#12300)
ASSISTANT UNITED STATES ATTORNEY

11